```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SARALEE MILES,

                        Plaintiff,         MEMORANDUM & ORDER
                                            12-CV-4014(JS)(ETB)
        -against-

ABRAHAM I. MILES,

                        Defendant.
----------------------------------------X
APPEARANCES
For Defendant:     Abraham I. Miles, pro se
                   146 Beach 9th Street, Apt. 4-b
                   Far Rockaway, NY 11691
```

SEYBERT, District Judge:

Presently before the Court is pro se Defendant Abraham I. Miles' second attempt to remove a divorce proceeding pending in Nassau County Supreme Court (Case No. 201579-09). For the following reasons, the Court sua sponte remands this action for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Saralee Miles commenced this action in Nassau County Supreme Court in June 2009 against Mr. Miles seeking, inter alia, a judgment of absolute divorce dissolving the marriage, maintenance, custody of their daughter, and child support. On February 29, 2012, Mr. Miles removed this action (Miles v. Miles, No. 12-CV-1038(JS)(ETB)); however, the Court sua sponte remanded it for lack of subject matter jurisdiction

(the "First Remand Order"). Nonetheless, Mr. Miles is again attempting to remove the same exact state court action.

DISCUSSION

As the Court stated in its First Remand Order, 28 U.S.C. § 1447(c) requires a district court to remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Remand orders based on section 1447(c) are "not reviewable on appeal or otherwise." Id. § 1447(d). It is settled law that § 1447(c) "preclude[s] not only appellate review but also reconsideration by the district court." Seedman v. U.S. Dist. Ct., 837 F.2d 413, 414 (9th Cir. 1988). In other words, "[o]nce the district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." Id.; see also Kya-Hill v. Case, 182 F.3d 900, 1999 WL 459780, at *1 (2d Cir. June 22, 1999) (table decision). Thus, this Court is without power to alter its First Remand Order, so this action must be remanded to Nassau County Supreme Court.

Further, Mr. Miles is hereby barred from filing any additional removal petitions with respect to Nassau County Supreme Court case number 201579-09. See In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) (recognizing district courts' ability to "prohibit the filing of any matters in a designated category"

2

once "a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints"); see also Kya-Hill, 1999 WL 459780, at *1 (affirming imposition of similar sanctions). Mr. Miles has twice attempted to remove this action on the eve of a court appearance in Nassau County Supreme Court, and this second attempt is without any justifiable basis in law or fact as this Court does not have jurisdiction over the underlying state court action. Accordingly, the Clerk of the Court is directed to return any such removal petitions to Mr. Miles without docketing. This, however, does not bar Mr. Miles from commencing a separate civil action in federal court to litigate any constitutional claims that he believes he may have.

CONCLUSION

For the foregoing reasons, the Court sua sponte remands this action to Nassau County Supreme Court for lack of subject matter jurisdiction.

The Clerk of the Court is directed to remand this action and to mail a copy of this Memorandum and Order to the pro se Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August 13, 2012
       Central Islip, NY